# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 21-1902V

| | |
|---|---|
| JANEL TREPICCIONE,<br><br>                 Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>                 Respondent. | Chief Special Master Corcoran<br><br>Filed: October 11, 2024 |

*Robin J. Marzella, R.J. Marzella & Associates, P.C., Harrisonburg, PA,* for Petitioner.

*Eleanor Hanson, U.S. Department of Justice, Washington, DC,* for Respondent.

### DECISION[1]

On September 24, 2021, Janel Trepiccione filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleged that she suffered a left shoulder injury related to vaccine administration ("SIRVA"), a defined Table injury, due to an influenza ("flu") vaccine she received on September 28, 2018. Petition at 1, ¶¶ 2, 23. Regarding the duration of her SIRVA, she stated that her injury had lasted approximately 18 months, and that she now experienced "only slight stiffness during certain shoulder movements." *Id.* at ¶ 19.

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

On February 2, 2024, Respondent filed his Rule 4(c) Report opposing compensation in this case. ECF No. 37. Emphasizing Petitioner's last treatment in January 2019 (four months post-vaccination), and the evidence showing her left shoulder symptoms had resolved by her next appointment in late May 2019, Respondent argued that Petitioner cannot satisfy the Vaccine Act's six-month severity requirement, and her claim must be dismissed. *Id.* at 5-6. Additionally, Respondent insisted that Petitioner has failed to establish that her pain onset occurred within 48 hours of vaccination as required for a Table SIRVA. *Id.* at 8-9.

After determining that Petitioner had failed to establish that her symptoms continued beyond May 24, 2019, only four months post-vaccination, I issued an order to show cause on July 8, 2024. ECF No. 39. I required Petitioner to show cause why her inability to satisfy the Vaccine Act's six-month severity requirement was not grounds for the claim's dismissal. *Id.*; *see* Section 11(c)(1)(D)(i) (Vaccine Act's six-month severity requirement).

On October 11, 2024, Petitioner moved for a decision dismissing his petition. ECF No. 43. In the motion, Petitioner acknowledged that "she will be unable to prove that she is entitled to compensation under the Vaccine Program" (*id.* at ¶ 1) and "to proceed further would be unreasonable and would waste the resources of the Court, the [R]espondent, and the Vaccine Program" (*id.* at ¶ 2). Petitioner expressed his understanding that "a decision by the Special Master dismissing her petition will result in a judgment against her . . . [and] will end all of her rights in the Vaccine Program." *Id.* at ¶ 3. She indicated that she "intends to elect to reject the Vaccine Program judgment against her and elect to file a civil action." *Id.* at ¶ 5.

To receive compensation under the Program, Petitioner must prove that she received a vaccine covered by the Vaccine Program and then suffered either 1) a "Table Injury" – i.e., an injury falling within the Vaccine Injury Table – corresponding to a covered vaccine, or 2) an injury that was actually caused by a covered vaccine, a "non-Table claim." *See* Sections 13(a)(1)(A) and 11(c)(1). Additionally, for either a Table or non-Table claim, a petitioner must establish that she suffered the residual effects of her injury for more than six months post-vaccination, died from the administration of the vaccine, or suffered an injury which required an inpatient hospitalization and surgical intervention. Section 11(c)(1)(D). Under the Vaccine Act, a petitioner may not be awarded compensation based on the petitioner's claims alone. Rather, the petition must be supported by either the medical records or by a medical opinion. Section 13(a)(1).

In this case, the record does not contain medical records or a medical opinion sufficient to demonstrate that Petitioner suffered the sequelae of her alleged SIRVA for more than six months. For these reasons, and in accordance with Section 12(d)(3)(A),

**Petitioner's motion is <u>GRANTED.</u> Petitioner's claim for compensation is <u>DENIED</u> and this case is <u>DISMISSED</u> for insufficient proof. The Clerk shall enter judgment accordingly.**[3]


**IT IS SO ORDERED.**

<u>s/Brian H. Corcoran</u>
Brian H. Corcoran
Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.