# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
### No. 21-1902V

|  |  |
|---|---|
| JANEL TREPICCIONE, <br><br>             Petitioner, <br><br> v. <br><br> SECRETARY OF HEALTH AND HUMAN SERVICES, <br><br>             Respondent. | Chief Special Master Corcoran <br><br> Filed: February 5, 2026 |

*Robin J. Marzella, R.J. Marzella & Associates, P.C., Harrisonburg, PA, for Petitioner.*

*Eleanor Hanson, U.S. Department of Justice, Washington, DC, for Respondent.*

## DECISION ON ATTORNEY'S FEES AND COSTS[1]

On September 24, 2021, Janel Trepiccione filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleged that she suffered a left shoulder injury related to vaccine administration ("SIRVA"), a defined Table injury, due to an influenza ("flu") vaccine she received on September 28, 2018. Petition at 1, ¶¶ 2, 23.

Although the claim was unsuccessful, I find it possessed sufficient reasonable basis to permit an award of attorney's fees. I do, however, find a reduction in the amount of fees and costs to be awarded appropriate, for the reason stated below.

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

## I.    Relevant Procedural History

After determining that Petitioner had failed to provide sufficient evidence to support an integral aspect of any Vaccine Act claim (the six-month severity requirement), I allowed her the opportunity to correct the noted deficiency or to otherwise show cause why her claim should not be dismissed. ECF No. 39; *see* Section 11(c)(1)(D)(i) (severity requirement). In response, Petitioner moved for a decision dismissing the Petition (ECF No. 43), and I issued my decision the same day (ECF No. 44).

On February 21, 2025, Petitioner filed a request for an award of $14,200.13 in attorney's fees and costs. Motion for Attorney's Fees and Costs ("Motion"), ECF No. 47. She "avers that the petition was brought in good faith and had a reasonable basis." *Id.* at ¶ 4. Additionally, Petitioner provided a signed statement representing that she incurred no out-of-pocket litigation costs. *Id.* at 21.

Respondent reacted to the motion on March 3, 2025, stating that he "is satisfied the statutory requirements for an award of attorneys' fees and costs are met" but defers to my discretion as to the amount of reasonable amount. Respondent's Response to Motion at 2, ECF No. 48. Regarding reasonable basis, he states that he "is satisfied that [P]etitioner meets this minimum standard but only just." *Id.* at 2 n.1. And Petitioner filed no reply thereafter.

## II.    Reasonable Basis

### A.    Legal Standard

Motivated by a desire to ensure that petitioners have adequate assistance from counsel when pursuing their claims, Congress determined that attorney's fees and costs may be awarded even in unsuccessful claims. H.R. REP. NO. 99-908, at 22 *reprinted in* 1986 U.S.C.C.A.N. 6344, 6363; *see also Sebelius v. Cloer*, 133 S.Ct. 1886, 1895 (2013) (discussing this goal when determining that attorneys' fees and costs may be awarded even when the petition was untimely filed). This is consistent with the fact that "the Vaccine Program employs a liberal fee-shifting scheme." *Davis v. Sec'y of Health & Hum. Servs.*, 105 Fed. Cl. 627, 634 (2012). Indeed, it may be the only federal fee-shifting statute that permits *unsuccessful* litigants to recover fees and costs.

However, Congress did not intend that *every* losing petition be automatically entitled to attorney's fees. *Perreira v. Sec'y of Health & Hum. Servs.*, 33 F.3d 1375, 1377 (Fed. Cir. 1994). And there is also a prerequisite to even obtaining fees in an unsuccessful case. The special master or court may award attorney's fees and costs to an unsuccessful

claimant only if "the petition was brought in good faith and there was a reasonable basis for the claim for which the petition was brought." Section 15(e)(1). Reasonable basis is a prerequisite to a fee award for unsuccessful cases – but establishing it does not automatically *require* an award, as special masters are still empowered by the Act to deny or limit fees. *James-Cornelius on behalf of E. J. v. Sec'y of Health & Hum. Servs.*, 984 F.3d 1374, 1379 (Fed. Cir. 2021) ("even when these two requirements are satisfied, a special master retains discretion to grant or deny attorneys' fees").

As the Federal Circuit has explained, whether a discretionary fees award is appropriate involves two distinct inquiries, but only reasonable basis is at issue herein.[3] Reasonable basis is deemed "an objective test, satisfied through objective evidence." *Cottingham v. Sec'y of Health & Hum. Servs.*, 971 F.3d 1337, 1344 (Fed. Cir. 2020) ("Cottingham I"). "The reasonable basis requirement examines "not at the likelihood of success [of a claim] but more to the feasibility of the claim." *Turner*, 2007 WL 4410030, at \*6 (quoting *Di Roma v. Sec'y of Health & Hum. Servs.,* No. 90-3277V, 1993 WL 496981, at \*1 (Fed. Cl. Spec. Mstr. Nov. 18, 1993)). The Federal Circuit recently explained "that a reasonable basis analysis is limited to objective evidence, and that subjective considerations, such as counsel's subjective views on the adequacy of a complaint, do not factor into a reasonable basis determination." *James-Cornelius*, 984 F.3d at 1379.

Although clearly easier to meet than the preponderant standard required for compensation, "courts have struggled with the nature and quantum of evidence necessary to establish a reasonable basis." *Wirtshafter v. Sec'y of Health & Hum. Servs.,* 155 Fed. Cl. 665, 671 (Fed. Cl. 2021). "[I]t is generally accepted that 'a petitioner must furnish some evidence in support of the claim.'" *Id.* Citing the *prima facie* elements of a successful claim described in Section 11(c)(1), the Federal Circuit recently instructed that the level of the objective evidence sufficient for a special master to find reasonable basis should be "more than a mere scintilla but less than a preponderance of proof." *Cottingham I*, 971 F.3d at 1345-46. "This formulation does not appear to define reasonable basis so much as set its outer bounds." *Cottingham v. Sec'y of Health & Hum. Servs.,* 159 Fed. Cl. 328, 333, (Fed. Cl. 2022) (*"Cottingham II")*, *aff'd without op.*, 2023 WL 754047 (Fed. Cir. Nov. 14, 2023). "[T]he Federal Circuit's statement that a special master 'could' find reasonable basis based upon more than a mere scintilla does not mandate such a finding." *Cottingham II*, 159 Fed. Cl. at 333 (citing *Cottingham I*, 971 F.3d at 1346).

---

[3] Claimants must also establish that the petition was brought in good faith. *Simmons v. Sec'y of Health & Hum. Servs.*, 875 F.3d 632, 635 (Fed. Cir. 2017) (quoting *Chuisano v. Sec'y of Health & Hum. Servs.*, 116 Fed. Cl. 276, 289 (2014)). "[T]he 'good faith' requirement . . . focuses upon whether petitioner honestly believed he had a legitimate claim for compensation." *Turner v. Sec'y of Health & Hum. Servs.*, No. 99-0544V, 2007 WL 4410030, at \*5 (Fed. Cl. Spec. Mstr. Nov. 30, 2007). But good faith is not disputed herein, and I do not ascertain evidence in the record calling it into question.

Furthermore, the issue of reasonable basis is not a static inquiry. The reasonable basis which existed when a claim was filed may cease to exist as further evidence is presented. *Perreira*, 33 F.3d at 1377. In *Perreira,* the Federal Circuit affirmed a special master's determination that reasonable basis was lost after Petitioner's "expert opinion, which formed the basis of the claim, was found to be unsupported by either medical literature or studies." *Id.* at 1376.

At issue here, Vaccine Act Section 11(c)(1)(D)(i) requires the establishment of an injury and residual effects lasting for over six months after the date of vaccination. This is a threshold requirement for entitlement. *Black v. Sec'y of Health & Hum. Servs.*, 33 Fed. Cl. 546, 550 (1995) (reasoning that the "potential petitioner" must not only make a *prima facie* case, but clear a jurisdictional threshold, by "submitting supporting documentation which reasonably demonstrates that a special master has jurisdiction to hear the merits of the case"), *aff'd*, 93 F.3d 781 (Fed. Cir. 1996) (internal citations omitted).

## B.      Existence of Reasonable Basis

Because Petitioner was vaccinated on September 28, 2018, to meet the Vaccine Act's severity requirement she was required to establish that her residual symptoms continued until at least March 28, 2019 (assuming a pain onset within 48 hours - which the record supports). As I previously determined, however, the record contained preponderant evidence supporting vaccine-related symptoms through only January 28, 2019, exactly four months post-vaccination. I must now determine whether that same record is sufficient to establish reasonable basis.

Petitioner last sought treatment for her left shoulder symptoms at an initial physical therapy ("PT") evaluation at the end of January 2019 - exactly four months post-vaccination. Ex. 5 at 7-15, ECF No. 1-8. At that time, her symptoms were clearly not resolved (*id.* at 12-13), and the therapist recommended PT sessions three times a week for four weeks (*id.* at 13). As it currently stands, the record contains no evidence explaining why Petitioner failed to attend any further PT.

Because Petitioner failed to mention any left shoulder symptoms at a subsequent visit to her primary care provider almost four months later (Ex. 2 at 101-16), it appears her symptoms likely resolved during this treatment gap. To establish the requisite six-month sequela, she would have needed to prove that her symptoms continued for the first two months of this four-month period.

Although Petitioner was unable to meet that burden, the record as it currently stands is sufficient to satisfy the far lower standard of reasonable basis. There was clearly objective evidence of an injury, and the severity issue usually raises reasonable fact

questions that can be fairly disputed, even when it appears unlikely a claimant can overcome a particular deficiency on this topic. I thus find that Petitioner had a reasonable basis to pursue this claim (which she ready sought to dismiss once I informed her of the severity factual issues). And there is no other basis for a denial of fees, despite the claim's lack of success. Therefore, the only remaining question is the appropriate amount of the attorney's fees and costs to be awarded.

### III.     Appropriate Amount to be Awarded

#### A.     Legal Standard

Counsel must submit fee requests that include contemporaneous and specific billing records indicating the service performed, the number of hours expended on the service, and the name of the person performing the service. *See Savin v. Sec'y of Health & Hum. Servs.*, 85 Fed. Cl. 313, 316-18 (2008). Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton v. Sec'y of Health & Hum. Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). It is "well within the special master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done." *Id.* at 1522. Furthermore, the special master may reduce a fee request *sua sponte*, apart from objections raised by respondent and without providing a petitioner notice and opportunity to respond. *See Sabella v. Sec'y of Health & Hum. Servs.*, 86 Fed. Cl. 201, 209 (2009). A special master need not engage in a line-by-line analysis of petitioner's fee application when reducing fees. *Broekelschen v. Sec'y of Health & Hum. Servs.*, 102 Fed. Cl. 719, 729 (2011).

#### B.     Attorney's Fees and Costs

I have reviewed the billing records submitted with Petitioner's request. In my experience, the fees amount sought appears reasonable, and I find no cause to reduce the requested hours or rates. Petitioner billed a reasonable amount of time using hourly rates previously approved for all attorneys and paralegals performing this work. ECF No. 47 at 7-15.

However, I find that Petitioner has not substantiated many of the costs she seeks with the required supporting documentation, such as an invoice or proof of payment. *See* ECF No. 47 at 16-19. When petitioners fail to provide appropriate documentation to substantiate a requested cost, special masters have refrained from awarding the relevant sum. *See, e.g.*, *Gardner-Cook v. Sec'y of Health & Hum. Servs.*, No. 99-480V, 2005 WL 6122520, at *4 (Fed. Cl. Spec. Mstr. June 30, 2005).

I will allow $402.00 in costs to account for the Court's filing fee (even though not included in the listed costs), since the fact of that expense is clearly substantiated by the case's docket report. I also will allow postages costs which are reasonable and usually reimbursed - even when lacking documentation. But I will disallow reimbursement for all other unsubstantiated costs herein. This reduces the total amount of litigation costs to be awarded by **$706.27.**

## Conclusion

I have determined that an award of reasonable attorney's fees and costs is appropriate in this case even though compensation was not awarded. Section 15(e)(1). Accordingly, I hereby GRANT Petitioner's Motion for attorney's fees and costs and award a total of **$13,493.86 (representing $13,085.00 in fees and $408.86 in costs) to be paid through an ACH deposit to Petitioner's counsel's IOLTA account for prompt disbursement.**

The Clerk of the Court is directed to enter judgment in accordance with this Decision.[4]

**IT IS SO ORDERED.**

**s/Brian H. Corcoran**
Brian H. Corcoran
Chief Special Master

---

[4] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.